MARY E. RUSSELL MILLIKAN v. L. T. HAMMOND, SR., TRUSTEE, DEANE F. BELL, TRUSTEE, MRS. JACK BRYAN (HAZEL) WEAVER, SR., JACK BRYAN WEAVER, JR., JOSEPH FRANKLIN MILLIKAN, ARZA MILLIKAN, WILLIAM D. GLENN AND WIFE, SUE G. GLENN

No. 7019SC185

(Filed 24 June 1970)

**Pleadings § 25— demurrer for misjoinder of parties and causes**
　　In plaintiff's action, against numerous individuals and trustees, seeking (1) a permanent restraining order against a foreclosure proceeding, (2) the reformation of a certain deed to show the plaintiff as a grantee, (3) the reformation of another deed to show that it is a purchase money deed of trust, and (4) the setting aside of a sale of personal property, the trial court properly granted the demurrers of each defendant on the ground that there is a misjoinder of causes of action and parties. G.S. 1-123, G.S. 1-127.

APPEAL by plaintiff from *Lupton, J.,* 7 November 1969 Session, RANDOLPH County Superior Court.

To the complaint filed by plaintiff, each defendant demurred. Each demurrer was sustained, and plaintiff appealed.

*Ottway Burton for plaintiff appellant.*

*Coltrane & Gavin, by T. Worth Coltrane, for defendant appellee Joseph Franklin Millikan.*

*Miller, Beck and O'Briant, by G. E. Miller, for defendant appellee Arza Millikan.*

*L. T. Hammond, Sr., Trustee, In Propria Persona.*

*Turner, Rollins, Rollins & Suggs, by Robert V. Suggs, for defendant appellee Jack Bryan Weaver, Jr.*

*Walker, Bell & Ogburn, by John N. Ogburn, Jr., for defendant appellees Mrs. Jack Bryan (Hazel) Weaver, Sr., William D. Glenn, Sue G. Glenn, and Deane F. Bell, Trustee.*

MORRIS, J.

Briefly summarized, plaintiff's complaint alleges:

1 — 3.   residence of plaintiff and defendants.

4.   That on 20 June 1964, Jack Bryan Weaver, Sr. and Hazel Weaver conveyed an one-half undivided interest in certain described property in Guilford County, the deed being of record in Book 2157, at page 745, Guilford County Registry. (The grantee is not alleged.)

5.   That on 24 January 1966, plaintiff and her husband, Joseph Franklin Millikan, purchased the remaining one-half interest in the property described in paragraph 4 from William D. Glenn and wife, Sue G. Glenn; that, by mistake, the law firm of Walker, Anderson, Bell and Ogburn prepared a deed to Joseph Franklin Millikan (recorded in Book 2256, at page 734, Guilford County Registry) rather than to plaintiff and her husband, Joseph Franklin Millikan, as tenants by the entirety as was done when "the first one-half (½) undivided interest in this same property" was acquired.

6.   That defendant Deane F. Bell was named Trustee in a deed of trust prepared by the same firm in which "the property located in Sumner Township, Guilford County" was conveyed to secure a note for $6700, the deed of trust being recorded in Book 2265, at page 617, Guilford County Registry. (The grantor and payee of the note are not identified.)

7.   That Jack Bryan Weaver, Sr. died on 5 March 1966; that the same firm represented his estate; that defendant Hazel C. Weaver qualified as administratrix and filed a final accounting; that in her initial accounting, she listed as an asset of the estate a $6700 secured note but in the final accounting "no accounting was shown for the receipt of this secured note."

8.   That from 1 February 1965 until February 1969 plaintiff assisted her husband in his business but received nothing for her labor; that she was forced to remove herself for her own safety "from the business which is located on the property hereinbefore described in paragraph 4."

9.   That plaintiff instituted a suit against defendant in Ran-

dolph County and that "this plaintiff incorporates by reference said suit in full in this complaint as if set out in full and that the defendant Joseph Franklin Millikan has stated to the plaintiff that he will get rid of the plaintiff's interest in said property one way or the other." (The suit referred to is an alimony without divorce action.)

10. That there is of record in Book 2167, at page 579, Guilford County Registry what purports to be a deed of trust "on a one-half (½) right, title and interest" in the properties lying in Sumner Township, Guilford County, as well as property in Level Cross Township, Randolph County. The real and personal property conveyed thereby are described. The grantors, trustee, and noteholder are not identified.

11. That the paper writing the plaintiff signed should have conveyed only the Guilford County property, the Randolph County property being plaintiff's homeplace in which defendant Joseph Franklin Millikan has no interest; that the paper writing provides for monthly payments of $277.56 and contains an acceleration clause; that this is not correct; that it should have provided for payment of the entire balance at any time within 10 years from the date and that no interest would be due on any of the principal amount; that "the homeplace was mortgaged for Five Thousand and 00/100 ($5,000.00) Dollars at the First Union Bank in Randleman, North Carolina."

12. That the instrument does not recite that it is a purchase money deed of trust; "That the entire paper writing in Book 2167, page 579, Office of the Register of Deeds of Guilford County is incorporated by reference in this complaint as if set out in full."

13. That on 19 July 1969, plaintiff was advised by L. T. Hammond, Sr., Trustee, by letter that Mrs. Jack Weaver, Sr., had demanded that he institute a foreclosure proceedings "on this deed of trust executed by the plaintiff and the defendant Joseph Franklin Millikan." That notwithstanding the fact that the payments were not in arrears under "this purchase money mortgage which was not drawn correctly", L. T. Hammond, Sr., proceeded with foreclosure and with Deane F. Bell, Trustee, went to the premises on 19 August 1969 and attempted to hold a sale.

That defendant Millikan locked the doors and refused to let potential buyers inside where defendant Hammond was purportedly conducting a sale; that no one bid on the property; that defendant Hammond announced another sale to be held the following week, contrary to G.S. 45-21.21; that notwithstanding failure to comply

with the statute and "proceeding to sell on a void instrument" defendant Hammond, Trustee, did hold another sale on 26 August 1969; that defendant Jack Bryan Weaver, Jr., attempted to buy the real property for $6000; that report of sale was filed on 28 August 1969; that the reasonable market value of the property is in excess of $15,000 and unless the illegal foreclosure is restrained and permanently enjoined, plaintiff will be irreparably damaged.

14. That defendant, Arza Millikan, uncle of defendant Joseph Frank Millikan, purchased the personal property at a bid of $500; that no report of sale was made; that this is no sale since defendant Arza Millikan did not intend to buy the property but "was set up by defendant Joseph Franklin Millikan to deprive the plaintiff of her rights in the property"; that the reasonable market value of the property was $5000.

15. That the attempted foreclosure by defendant Hammond is void because no money is due on "the purchase money deed of trust" recorded in Book 2167, at page 579, until 20 June 1974.

16. That the "activity" of defendant Hammond "based upon a conspiracy by the said Joseph Franklin Millikan, Jack Bryan Weaver, Jr. and the said Hazel C. Weaver and the said Deane F. Bell, Trustee, and William D. Glenn" is to "freeze out" and rid plaintiff of her interest in the real estate and unless "the defendants" are permanently restrained from "proceeding further under these instruments", plaintiff will be irreparably damaged; that the price bid at the "attempted sale" was grossly inadequate; buyers were locked out; defendants had not complied with legal advertising; that at the second sale defendant Millikan locked the doors and refused to let potential buyers in with full knowledge of defendant Hammond. The names of persons attending the second sale are listed, three of whom are not parties to the action. Four of the defendants are not listed as attending.

17. That the attempted foreclosure proceedings are irregular and void.

18. That notice of lis pendens was filed the day the action was instituted in both Guilford and Randolph Counties.

19. "That it will be harsh and highly inequitable and will work an irreparable loss and hardship on the plaintiff whose work and labor for the last four (4) years have been invested in this property to allow said purported foreclosure proceedings to proceed and that all of the defendants can be placed in status quo without injury to any of them by enjoining the attempted foreclosure proceedings of

the defendants and allowing the plaintiff to reform and modify the instruments as they should be reformed and modified and that the plaintiff is ready, willing and able to comply with the deed of trust and credit instruments as they should be. That a fraud has been perpetrated upon the plaintiff and unless the defendants and each of them are enjoined permanently from proceeding upon foreclosure of her property, she will be irreparably damaged."

Plaintiff prays:

(1) That defendants "and each of them" be enjoined permanently from proceeding further "on the attempted foreclosure sale" of the property described in the paper writing recorded in Book 2167, at page 579, Guilford County Registry.

(2) That the paper writing recorded in Book 2256, at page 734, Guilford County Registry, be reformed and modified "to show that the grantors (sic) are Joseph Franklin Millikan and the plaintiff, instead of Frank Millikan alone."

(3) That the paper writing recorded in Book 2167, at page 579, Guilford County Registry, be reformed to show that the principal sum of $25,000 shall be due on or before 20 June 1974; that it is a purchase money deed of trust; that the Randolph County property be deleted; that any reference to foreclosure on the Randolph County property be deleted.

(4) That "the said defendants" be temporarily restrained, pending a hearing on the issues, against proceeding further against the real and personal property described in Book 2167, at page 579, Guilford County Registry.

(5) That plaintiff have and recover of defendants $2000 "for damages as a result of this illegal and unlawful activity."

(6) That the complaint be used as an affidavit upon which to base such orders of the court as would be proper.

(7) That the sale of personal property to defendant Arza Millikan be set aside.

(8) For such other and further relief as might be proper.

Each demurrer was based upon the ground that there is a misjoinder of parties and causes. The order, in each instance, sustaining the demurrer was based upon the fact that upon the face of the complaint there appeared to be a misjoinder of causes of action and parties defendant. Each order was entered on 7 November 1969. On the same date, the court entered an order dissolving the temporary

restraining order theretofore entered and directed that since the issue of whether plaintiff is entitled to have the foreclosure restrained has not been decided on its merits, the last and final bid of $6000 not be confirmed, and if the noteholders and trustee should decide to proceed with foreclosure, the resale be advertised in the manner required by law for original or first foreclosure sales with a starting bid of $6000.

Plaintiff in her brief states that "the trial court's ruling in this matter was not only puzzling but erroneous." She cites no authority for this position. She does state that the action for separate maintenance, support for two minor children, and counsel fees "is the motivating background in this matter." We do not question the truth of this statement. However, regardless of the "motivating background", plaintiff has obviously attempted to state several causes of action in one complaint, all of which do not affect all the parties and none of which is separately stated.

We do not discuss whether the complaint would be sufficient under the new Rules of Civil Procedure. The complaint was filed on 8 September 1969 and the judgments from which plaintiff appeals were signed and entered on 7 November 1969. Plaintiff candidly concedes that Chapter 1A of the North Carolina General Statutes was not effective until 1 January 1970, but she contends that "The trial court was in error under the old Code in dismissing these actions."

G.S. 1-123 provided for the uniting, in the same complaint, of several causes of action "of legal or equitable nature, or both, where they all arise out of —

1. The same transaction, or transaction connected with the same subject of action.

2. Contract, express or implied.

3. Injuries with or without force to person or property.

4. Injuries to character.

5. Claims to recover real property, with or without damages for the withholding thereof, and the rents and profits of the same.

6. Claims to recover personal property, with or without damages for the withholding thereof; or,

7. Claims against a trustee, by virtue of a contract, or by operation of law.

But the causes of action so united must all belong to one of

these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated."

A cursory reading of the complaint reveals that plaintiff has improperly united causes of action in contravention of the statute and has also failed separately to state the causes of action also in contravention of the statute. Each demurrer properly set out the causes of action which were improperly united. Under the provisions of G.S. 1-127 entitled Grounds for Demurrer, the trial court properly sustained the demurrers.

Affirmed.

MALLARD, C.J., and GRAHAM, J., concur.